**Guy F. CAMPBELL and American Machine and Foundry Company, Appellants,**

v.

**Robert C. WATSON, Commissioner of Patents, Appellee.**

**No. 15295.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 7, 1960.

Decided Jan. 28, 1960.

Mr. Tennes I. Erstad, New York City, with whom Mr. J. Austin Stone, Washington, D. C., was on the brief, for appellants.

Mr. Joseph Schimmel, Atty., U. S. Patent Office, with whom Mr. Clarence W. Moore, Solicitor, U. S. Patent Office, was on the brief, for appellee.

Before EDGERTON, FAHY, and BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

"Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 171. Appellants applied to the Patent Office for a design patent relating to a tricycle. The application contains a single drawing, showing a complete tricycle, and includes four claims. Claim 1 is for "The ornamental design for a tricycle as shown." The Patent Office allowed this claim and rejected the others. This appeal is from a judgment for the Commis-

---

sioner of Patents in appellants' suit under 35 U.S.C. § 145 to obtain patents on claims 2, 3 and 4. Counsel for the Commissioner assures us that appellants may, if they wish, amend their specification to include the substance of Claim 4, and may amend Claim 1 by adding the words "and described".

Claim 4 is typical of the rejected claims: "An ornamental design comprising a tricycle having tractor type treads formed on all the tires of all three wheels and a hoisting boom extending upwardly at an angle from the lower end of the cross-bar of the tricycle, to form a V-shaped configuration therewith." The drawing shows these features.

Though Claim 4 does not use the words "as shown", we assume, as the parties apparently do, that all the claims are limited by the drawing.[1] It follows that although the rejected claims differ from Claim 1 in wording they are identical with it in meaning. They all mean no more and no less than this: the design shown in the drawing. Since claims 2, 3 and 4 are in effect mere repetitions of Claim 1, which was allowed, they were rightly rejected. It is as if Claim 1 said "three feet" and the rejected claims "one yard".

Appellants would be no better off if Claim 4 were treated as standing alone, for it would then be void for vagueness. If its broad language were not regarded as limited by the drawing, instead of identifying an actual design it would be equally applicable to an infinite variety of possible designs; the "angle" to which it refers might be any mechanically possible angle; the tires, wheels, hoisting boom and cross-bar to which it refers, and the other parts of a tricycle to which it does not refer, might be of any possible size, shape and location. A steering wheel might even be substituted for handle bars.

 35 U.S.C. § 112 provides that the "specification shall conclude with one or more claims," but this does not mean that every invention which will support one claim will support more than one. Rule 153 of the Rules of Practice of the Patent Office, 35 U.S.C.Appendix, provides that in an application for a design patent "More than one claim is neither required nor permitted." Whether this is or is not a valid rule, claims 2, 3 and 4 were rightly rejected, since appellants are not shown to have invented, or to claim, any "ornamental design for an article of manufacture" not covered by Claim 1.

Affirmed.

---

[1]. The specification says: "Be it known that I * * * have invented a new, original, and ornamental design for a Tricycle, of which the following is a specification; reference being had to the accompanying drawing, forming a part hereof. The single figure is a perspective view of a tricycle, showing my new design."